# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| DESTINEE N. PEPPERS-JERIDORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-1104-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| T. BAYOU, LLC, d/b/a Burger King, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff Destinee N. Peppers-Jeridore's ("Peppers-Jeridore") memorandum in support of damages, ECF No. 16.

## I.  BACKGROUND

Peppers-Jeridore filed this employment discrimination action with the court on April 15, 2019 against defendant T Bayou, LLC, d/b/a Burger King ("Burger King"). On the same day, a summons was issued for Burger King. In her complaint, Peppers-Jeridore alleges that she was sexually harassed during her employment with Burger King and fired upon reporting the alleged harassment. By local rule, the case was assigned to Magistrate Judge Mary Gordon Baker. To properly convey the court's frustration with the events that followed, a detailed review of this matter's procedural history is appropriate.

Peppers-Jeridore filed this action on April 15, 2019. On July 23, 2019, because neither party had made any additional filings, Magistrate Judge Baker issued a text order which stated:

> A summons in this action was issued on April 15, 2019, and service was due by July 15, 2019. No proof of service has yet been filed. Plaintiff must file proof of service by July 25, 2019. If no proof of service is filed, this

action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. IT IS SO ORDERED.

ECF No. 5 ("First Instructive Text Order"). The following day, Pepper-Jeridore's counsel filed a document entitled "Proof of Service," in which a paralegal of plaintiff's counsel's firm testified to her service of Burger King via certified mail. ECF No. 7.

On July 26, 2019, Magistrate Judge Baker issued a second text order which stated:

> The docket reflects that the Summons and Complaint were served on the Defendant on April 25, 2019. However, no responsive pleading has been filed, nor has a default been entered under Rule 55, Fed. R. Civ. P. Therefore, unless by August 19, 2019, either an Answer or other responsive pleading is filed by the Defendant or a Rule 55 default is entered by the Plaintiff, a recommendation for dismissal for failure to prosecute pursuant to Rule 41, Fed. R. Civ. P. will be entered. IT IS SO ORDERED.

ECF No. 8 ("Second Instructive Text Order"). Counsel for Peppers-Jeridore did not comply with the court's order, failing to make any filings by the August 19th deadline. Accordingly, on August 22, 2019, Magistrate Judge Baker filed a report and recommendation ("R&R") recommending that this court dismiss the action with prejudice for failure to prosecute pursuant to Fed. R. Crim. P. 41(b). ECF No. 22. The same day, Peppers-Jeridore's counsel filed motion for entry of default. ECF No. 10. Magistrate Judge Baker granted Pepper-Jeridore's motion, vacated the R&R, and directed the clerk to enter default. ECF No. 11.

Under Fed. R. Civ. P. 55(b), after the clerk enters default, a plaintiff "must apply to the court for a default judgment." In spite of Rule 55, two and a half months passed after the clerk's entry of default without Peppers-Jeridore's counsel making a single filing. Based on that inaction, Magistrate Judge Baker issued another text order on November 5, 2019:

> On August 23, 2019, the Court granted Plaintiffs Motion for Entry of Default. Nothing has been filed by any parties since that time. Therefore, unless by November 18, 2019, Plaintiffs move for default judgment in accordance with Fed. R. Civ. P. 55, a recommendation for dismissal for failure to prosecute pursuant to Rule 41, Fed. R. Civ. P. will be entered. IT IS SO ORDERED.

ECF No. 15 ("Third Instructive Text Order"). On the day of the court-imposed deadline for its filing, counsel for Peppers-Jeridore filed the instant "Memorandum in Support of Damages." ECF No. 16. Nowhere in the memorandum does counsel request that the court grant default judgment. Instead, the memorandum computes the damages to which Peppers-Jeridore is allegedly entitled.

## II.  STANDARD

Securing a default judgment is a two-step process. First, upon a defendant's failure to plead or otherwise defend within the permissible period for response, a plaintiff must file a motion requesting the clerk of court for an entry of default. Fed. R. Civ. P. 55(a). Second, where the plaintiff's claim is not for sum certain, she must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). After a court has received an application, Rule 55 gives it great discretion in determining whether to enter or effectuate judgment, including the power to: "[]conduct an accounting; []determine the amount of damages; []establish the truth of any allegation by evidence; or []investigate any other matter." Id.; see also United States v. Ragin, 113 F.3d 1233 (4th Cir. 1997).

Once the clerk has entered default against a defendant, the court, in considering the plaintiff's application for default judgment, accepts a plaintiff's well-pleaded factual allegations as true. See DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008) ("Due to [the defendant's] default, we accept [the plaintiff's] allegations against him as true.") (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir.

2001). However, the defendant is not held to have admitted conclusions of law, Ryan, 253 F.3d at 780 (citing Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)), or allegations that concern only damages, Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944)).

Thus, a court considering default judgment must still determine if the established factual allegations constitute a legitimate cause of action and provide a sufficient basis the relief sought. See Ryan, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in Appellants' complaint support the relief sought in this action."); see also Silvers v. Iredell Cty. Dep't of Soc. Servs., 2016 WL 427953, at *4 (W.D.N.C. Feb. 3, 2016), aff'd, 669 F. App'x 182 (4th Cir. 2016). "The party moving for default judgment has the burden to show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action." Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 638 (M.D.N.C. 2019) (internal citations and quotation marks omitted). If the court determines that the allegations entitle the plaintiff to relief, it must then determine the appropriate amount of damages. Id.

### III. DISCUSSION

Pepper-Jeridore's "Memorandum in Support of Damages" does not ask the court to enter judgment against Burger King, as required by Federal Rule 55(b) and the explicit instruction of the Third Instructive Text Order. Instead, the memorandum, at times haphazardly and at times theoretically, computes the damages to which Peppers-Jeridore is allegedly entitled. The procedural history of this matter plainly demonstrates that

counsel for Peppers-Jeridore has failed at every procedural turn to comply with basic mandates of the Federal Rules of Civil Procedure and, more troubling, the explicit direction of the Magistrate Judge. Lawyers are charged with a responsibility to both their profession and their client to comply with the federal rules. It should go without saying that lawyers similarly bear a duty to comply with direct instructions from the court. In this case, plaintiff's counsel has been derelict in each of those responsibilities. However, the court declines to deny the plaintiff justice on procedural grounds because of her counsel's repeated failures to comply with the federal rules and the orders of the Magistrate Judge. Therefore, the court strains itself to interpret the "Memorandum in Support of Damages" as a motion for default judgment.

Even interpreting the instant filing as a motion for default judgment, the court requires a showing that Peppers-Jeridore is entitled to relief on her claims. Therefore, for the reasons discussed above, the court takes the motion for default judgment under advisement and orders Peppers-Jeridore to file additional briefing. This briefing should clearly show Peppers-Jeridore's legal entitlement to relief based on the established facts and a legally supported computation of appropriate damages, each in accordance with the standard for default judgment detailed above. The briefing shall be due on January 21, 2019, and failure to timely file the briefing will result in the court's dismissal of the case for failure to prosecute under Federal Rule of Procedure 41.

## IV. CONCLUSION

For the foregoing reasons the court takes the motion for default judgment under advisement and orders Peppers-Jeridore to file additional briefing by January 21, 2019.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**January 7, 2020
Charleston, South Carolina**